**UNITED STATES of America,**
**Appellee,**

v.

**Gerald COLEY, Defendant–Appellant.**

No. 02–1530.

United States Court of Appeals, Second Circuit.

June 5, 2003.

Robert G. Golger, Quatrella & Rizio, LLC, Fairfield, CT, for Defendant–Appellant.

James J. Finnerty, Assistant United States Attorney, for Kevin J. O'Connor, United States Attorney for the District of Connecticut (Jeffrey A. Meyer, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: CALABRESI, SACK, Circuit Judges, GARAUFIS,* District Judge.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 5th day of June two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant was charged, in a one-count information, with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He entered a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2), preserving his right to appeal part of a ruling by the United States District Court for the District of Connecticut (Hall, *J.*), which denied his motion to suppress certain physical

---

* The Honorable Nicholas G. Garaufis of the United States District Court for the Eastern District of New York sitting by designation.

evidence and statements he made to the police. Defendant was sentenced principally to a term of 151 months' imprisonment, which he is currently serving. He now appeals, arguing that the physical evidence and statements should have been suppressed because the police did not have the reasonable suspicion necessary to detain him or the probable cause required to arrest him.[1]

On appeal from a denial of a motion to suppress, we review the district court's factual findings for clear error, "giv[ing] due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *see also United States v. Bayless*, 201 F.3d 116, 132 (2d Cir.2000). We review *de novo* the legal determination of whether those facts give rise to reasonable suspicion to conduct an investigatory stop, or to probable cause to support an arrest. *See Ornelas*, 517 U.S. at 699, 116 S.Ct. 1657; *United States v. Lawes*, 292 F.3d 123, 127 (2d Cir.2002).

The district court in the instant case found (a) that the police had received information from a reliable confidential informant that Defendant was dealing cocaine base from his residence on the day of the arrest; (b) that the police knew where Defendant lived and that he had sold narcotics from that apartment in the past; (c) that, after setting up surveillance outside Defendant's residence, police observed Defendant enter a vehicle and go with the driver for a short ride and then return to the street outside his apartment;[2] and (d)

that, at the time the police decided to stop Defendant, he was being approached by an unidentified man. We cannot say that any of these factual finding are clearly erroneous.

In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the Supreme Court "held that a police officer can stop and briefly detain a person if the officer has a reasonable suspicion 'that criminal activity may be afoot.' " *Bayless*, 201 F.3d at 132 (quoting *Terry*, 392 U.S. at 30, 88 S.Ct. 1868). "Reasonable suspicion is not a high threshold, and the requisite level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence." *Lawes*, 292 F.3d at 127 (internal quotation marks omitted). In the instant case, the district court concluded that, based on the behavior they observed and the informant's statements, the police had specific facts sufficient to provide an objectively reasonable basis to suspect criminal activity and to approach Coley in order to investigate. We agree, and so find no error in the district court's conclusion that the police had reasonable suspicion to approach and briefly to detain Defendant.

The district court also found that, as the officers approached Defendant, they saw him drop a small bag of what they suspected was cocaine base. This finding of fact is not clearly erroneous. The district court concluded that the informant's statements, along with the bag Defendant dropped, provided probable cause for the police to arrest Defendant. This conclu-

---

1. Pursuant to his plea agreement with the government, Defendant waived his right to appeal the other issues that were raised in his motion to suppress.

2. The court noted that the police sergeant who testified at the suppression hearing, a 14–year veteran of the Stamford Police De-

partment with more than six years' experience in narcotics, said this behavior was consistent with narcotics transactions, in which sellers prefer to make the deal during a quick ride in the buyer's car, rather than on the street, where the transaction would be more conspicuous.

sion is consistent with our cases, *see, e.g.,* *United States v. Torres,* 740 F.2d 122, 128 (2d Cir.1984). Accordingly, we find no error.

We have considered all of Defendant's claims, and especially his assertion that he was arrested at the time the police first approached and detained him, and find them meritless. We therefore AFFIRM the judgment of the district court.